MEB W. ANDERSON (10227)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: mebanderson@utah.gov

*Attorneys for Defendants*

---

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MIGUEL ANGEL BACILIO,<br><br>                                Plaintiff,<br><br>v.<br><br>CURTIS L. GARNER et al.,<br><br>                                Defendants. | **STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Case No. 2:15-CV-233-CW<br><br>District Judge Clark Waddoups |

       Defendants Curtis L. Garner, Stacie Russell and Brett Varoz ("the State Defendants"), by and through counsel, Meb W. Anderson, Assistant Utah Attorney General, and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiff's Amended Complaint (Docket No. 13) based on the State Defendants being both absolutely and qualifiedly immune from suit for actions taken on behalf of the Utah Board of Pardons and Parole. Further, this action is time barred by the Statute of Limitations and barred by the Doctrine of *Heck v. Humphrey*. Plaintiff's Complaint alleges

only that his right to due process was violated when he was allegedly "illegally incarcerated . . . beyond Plaintiff's legally mandated term of incarceration[.]" (Docket No. 13, at page 2 of 6.)

Plaintiff filed his Amended Complaint in this case on June 7, 2017 (Docket No 13.) The Amended Complaint is deficient of any timely legally cognizable allegation or complaint against the State Defendants. In fact, Plaintiff's Complaint only refers to the State Defendants four times. (Docket No. 9, generally.)[1] Rather, Plaintiff generically refers to the "Utah Board of Pardons and Paroles." (*Id*.) The Amended Complaint only references Defendant Garner when it claims he is "Chairman of the Utah Board of Pardons and Paroles." (*Id*. at page 1.) Similarly, Defendant Varoz is referenced only as a "Hearing Officer of the Utah Board of Pardons and Paroles." (*Id*.) Defendant Russell is referenced twice in the Amended Complaint. She is mentioned as a "Case Analyst of the Utah Board of Pardons and Paroles[,]" and then Russell is mentioned again when Plaintiff's Amended Complaint claims "Plaintiff's then legal counsel, James A. Valdez, of the State Legal Defenders Assistance Program, had told Plaintiff that the extra two years would be credited to Plaintiff's Texas Sentence. This is also reflected in the letter from S. Russell." (*Id*. at page 4 of 6.) These are the only specific references to the State Defendants in the Amended Complaint.

**MOTION TO DISMISS STANDARD**

A motion to dismiss - as the one brought here - requires the court to decide whether the factual allegations made in the Complaint, if true, would entitle Plaintiffs to some sort of legal remedy. To state a viable claim "[t]he complaint must plead sufficient facts, taken as true, to

---

[1] Plaintiff submitted copies of exhibits as part of his Amended Complaint. These exhibits do nothing to alter the black letter law that immunizes the State Defendants from this exact type of lawsuit. In fact, these exhibits support dismissal of the Amended Complaint.

provide 'plausible grounds' that discovery will reveal evidence to support plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). In other words, the complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Id*. Additionally, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The "requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008).

When deciding a motion to dismiss the court must accept all well-plead facts as true and draw reasonable inferences from those facts in favor of the non-moving party. *Ridge at Red Hawk, L.L.C.*, 493 F.3d at 1177. However, legal conclusions, deductions, and opinions couched as facts are not presumed to be true, and the court must disregard conclusory allegations without supporting factual averments. *See, e.g*., *Erikson v. Pawnee County Bd. of County Comm*., 263 F.3d 1151, 1154-55 (10th Cir. 2001). When a civil rights complaint - as the one presented by Plaintiff here - contains only "bare assertions" involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the court considers those assertions conclusory and does not afford them the presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

## ARGUMENT

### A. The State Defendants are Absolutely Immune.

The Tenth Circuit has long held that "as a member of the Board of Pardons, the defendant[s are] absolutely immune from damages liability for actions taken in performance of the Board's official duties[.]" *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988) (citing cases). This means that the State Defendants cannot be sued because Plaintiff didn't like or disagreed with the decisions the State Defendants made.

Here, there is nothing in the Amended Complaint for which the employees of the Utah Board of Pardons and Parole ("BOPP") collectively is not absolutely immune. Defendant Garner is a member of the BOPP and is absolutely immune. *See Malek v. Haun*, 26 F.3d 1013, 1015 (10th Cir. 1994) (defendant members of the BOPP are immune based on their entitlement to either absolute or qualified immunity); *see also Straley v. Utah Board of Pardons*, 582 F.3d 1208, 1214 (10th Cir. 2009) ("In sum, our previous holding in *Malek* is still patent.".).

But these decisions do not just immunize the BOPP members, but also any employees of the BOPP like Defendants Varoz and Russell who were acting within the scope of their official duties in doing what is tersely described in the Amended Complaint. *See Fleming v. Dowdell*, 434 F. Supp. 2d 1138, 1158-59 (M.D. Ala. 2005), aff'd, 182 F. App'x 946 (11th Cir. 2006) (Alabama Board of Pardons and Paroles employee's issuance of a parole violation warrant was a judicial act for which employee was immune from suit under doctrine of absolute quasi-judicial immunity); *Swann v. City of Dallas*, 922 F. Supp. 1184, 1193 (N.D. Tex. 1996), aff'd, 131 F.3d 140 (5th Cir. 1997) (Absolute immunity has also been extended to parole board employees who give information to the Texas Board of Pardons and Parole); *see also Wilson v. Blaylock*, No.

6:16-CV-01064-LSC, 2016 WL 4548728, at *4 (N.D. Ala. Sept. 1, 2016) ("Wilson accuses several employees of the Alabama Board of Pardons and Paroles of falsifying documents in order to revoke his parole, an action within the scope of these employees' official duties. The defendant members of the Alabama Board of Pardons and Paroles are therefore entitled to absolute immunity[.]"); *Jensen v. Jorgenson*, No. CIV. 03-4200, 2005 WL 2412379, at *9 (D.S.D. Sept. 29, 2005) (BOPP employee was entitled to absolute immunity for his actions in relation to the revocation of suspended sentence).

More specifically, Defendant Varoz was a Hearing Officer and as such is not only absolutely immune, but also enjoys quasi-judicial immunity. *See Fowler v. Fondren*, No. 3:16-CV-91, 2017 WL 3493258, at *2 (S.D. Tex. Aug. 14, 2017) ("Parole board members and hearing officers who personally participate in the "quasi-judicial" activity of revoking parole are absolutely immune from suit[.]"); *see also Trotter v. Klincar*, 748 F.2d 1177, 1182 (7th Cir.1984) (acts of hearing officer were "inexorably connected with the execution of parole revocation procedures" and thus the officer was entitled to absolute immunity).

Here, each of the State Defendants are absolutely immune from the allegation made in this lawsuit.[2]

---

[2] It does not appear that Plaintiff sues any of the State Defendants in their Official Capacity. But if so, the employees of the BOPP in their official capacities—as an arm of the State of Utah— must be dismissed from this matter with prejudice based on 11th Amendment sovereign immunity. *See Watson v. University of Utah Medical Center*, 75 F.3d 569 (10th Cir. 1996).

5

**B. Plaintiff's Claims Are Barred by *Heck v. Humphrey* Because His Conviction Has Not Been Reversed, Expunged, Invalidated, Or Called into Question by a Writ of Habeas Corpus, And Granting Plaintiff's Requested Relief Would Imply the Invalidity of His Conviction.**

To recover damages under 42 U.S.C. § 1983 "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). In short, a court must consider whether plaintiff's requested relief would necessarily imply his sentence or conviction's invalidity. *Id*. at 487. If it would, the claim is invalid and the court must dismiss unless plaintiff can show that the sentence or conviction has already been invalidated. *Id*.; *see also Sherratt v. Shurtleff*, 2008 WL 630002 (D. Utah, March 05, 2008).

"The purpose behind *Heck* is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citing *Muhammad v. Close*, 540 U.S. 749, 751–52 (2004) (per curiam)). Here, Plaintiff has not legally reversed or called into question his sentence or conviction.

In addition, the relief Plaintiff requests would imply that his conviction is invalid. Plaintiff incorrectly claims in his Amended Complaint that the *Heck* bar does not apply to his claim. This is not so. The Tenth Circuit has addressed a claim like the one brought here, and applied the *Heck* bar. For example, in *Denney v. Werholtz,* Denney filed a "§ 1983 complaint against Roger Werholtz (Secretary of the KDOC) and Jeff Smith (KDOC's Sentence

Computation Manager) seeking monetary damages and equitable relief for the extra two and one-half years he served on his sentence in 87–CR–944 for which he was denied credit to his 1993 sentences." *Denney v. Werholtz*, 348 F. App'x 348, 350 (10th Cir. 2009). "Denney responded to the [Court requested] show cause order saying *Wilkinson*[3] and *Heck* did not apply because success on his complaint would not impact the validity of his confinement or its duration." The Tenth Circuit affirmed the District Court, reiterating that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Denney v. Werholtz*, 348 F. App'x 348, 351 (10th Cir. 2009). To the point at issue here, the Tenth Circuit stated absent an invalidation of the original conviction as required by *Heck*: "The fact he served more than thirty-six months does not render the extra time illegal or allow for damages." The Tenth Circuit has also noted that even where an "appellate brief contends that he can bring such claims once he is released from prison; [] *Heck* unambiguously requires that the conviction or sentence be invalidated, not just be served." *Alvillar v. Utah State Bd. of Pardons*, 380 F. App'x 764, 766 (10th Cir. 2010); *see also Sule v. Florence*, 1998 WL 10240 at *2 (10th Cir.1998) (unpublished) (notwithstanding service of sentence and release from custody, *Heck*

---

[3] *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

rule requiring successful attack on underlying prison disciplinary sanction before pursuing damages claim constitutes a collateral consequence within meaning of mootness doctrine).

Here, because the relief Plaintiff requests would impugn or directly undermine the validity of his conviction, Plaintiff's requests for relief are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and should be dismissed.

### C. Plaintiff's Claims Are Barred by the Applicable Statute of Limitations.

It is settled that civil rights actions brought under Section 1983 must be brought within four years from the time the claim arose. S*ee, e.g., Mismash v. Murray City,* 730 F.2d 1366, 1367 (10th Cir. 1984) (concluding that Utah's residual four-year statute of limitations applies to section 1983 claims); *Adamson v. City of Provo*, 819 F. Supp. 934, 942 (D. Utah 1993) (same); *Maddocks v. Salt Lake City Corp.,* 740 P.2d 1337, 1339 (Utah 1987) (same); *see also* Utah Code Ann. § 78B-2-307(3).

Here, the Amended Complaint clearly and unequivocally states that the "Utah Board of Pardons and Paroles informs Plaintiff in Nov. 2009 that he will not be credited for time served from Aug. 17, 2007 (date Texas lodged the detainer) to Aug. 7, 2009 (date Plaintiff signed pleas agreement)." (Docket No. 13, at page 3 of 6). Plaintiff knew as of Nov. 2009 that the BOPP was not crediting his time served, which time is the sole focus of the Amended Complaint.[4]

---

[4] When a prisoner brings a claim against the BOPP for improper time served the statute of limitations begins to run on the date the prisoner first becomes aware that he would have to serve more than his judicially imposed sentence. *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) ("Because the appellants knew in either 1996 or 1998 that they would have to serve more than one-third of their judicially imposed sentences and longer sentences than the Guidelines dictated, their complaint was untimely.")

8

Thus, the limitation period expired in November 2013. This case was "commenced" by the filing of a complaint on March 24, 2015 (Docket No. 1).

"Applying the proper statute of limitations, it is clear that Plaintiff's claims are barred. . . . [T]he statute of limitations began to run when Plaintiff knew or had reason to know 'of the existence and cause of injury which is the basis of his action,' not from the time the latest bit of evidence was received." *Wallace v. Grey*, 2009 WL 249461 at *4 (D. Utah, Feb. 2, 2009). Thus, the applicable four-year statute of limitations had clearly expired when Plaintiff filed the Amended Complaint.

### D. No Constitutional Violation.

Regardless of the above defects with Plaintiff's Amended Complaint, each of which entitles the State Defendants' dismissal from this lawsuit with prejudice, Plaintiff has also failed to allege any cognizable constitutional violation. "[U]nder no set of facts can [Plaintiff] prevail in his § 1983 suit targeting Utah's parole procedures." *Hughes v. Sibbetts*, 2003 WL 22311335 (10th Cir., Oct. 9, 2003).

"[T]he Utah parole statute does not create a liberty interest entitling [Plaintiff] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution and thus cannot be used as a basis for relief under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994); *see also Thomas v. Angerhoffer*, 1992 WL 367953 at *1 (10th Cir., Dec. 8, 1992) ("plaintiff has no federal constitutionally cognizable interest in the Board's determination of his parole status."). "It is well established that, where a state provides a discretionary parole regime, prisoners do not have a liberty or property interest in parole. And with no interest to be infringed, there is nothing for the Due Process clause to protect." *Wood v. Utah Board of*

9

*Pardons and Parole*, 2010 WL 1434400 (10th Cir., April 12, 2010) (unpublished) (citation omitted); *see also Saurez v. Utah Board of Pardons and Parole*, 2003 WL 22046122 (10th Cir., Aug. 29, 2003) (unpublished) ("Utah's parole statute does not create a liberty interest entitling prisoners to federal constitutional protection.").

Thus, Plaintiff's entire Amended Complaint as to the State Defendants must be dismissed with prejudice.

DATED: September 15, 2017

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Meb W. Anderson
 MEB W. ANDERSON
Assistant Utah Attorney General
Attorneys for Defendants

## CERTIFICATE OF MAILING

I certify that on September 15, 2017, I electronically filed the foregoing, **STATE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**, using the Court's electronic filing system and I also certify that a true and correct copy of the foregoing was sent by United States mail, marked "Legal Mail", postage prepaid, to the following:

Miguel Angel Bacilio
#1912589
WG MCCONNELL UNIT
3001 S. Emily Drive
Beeville, TX 78102
*Pro Se*

    /s/ Fielding Pratt