IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MIGUEL ANGEL BACILIO,<br><br>        Plaintiff,<br><br>v.<br><br>CURTIS L. GARNER et al.,<br><br>        Defendants. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:15-CV-233-CW<br><br>District Judge Clark Waddoups |

        Plaintiff, inmate Miguel Angel Bacilio, filed a *pro se* prisoner civil rights complaint. *See* 42 U.S.C.S. § 1983 (2018). Plaintiff now moves for appointed counsel.

        Plaintiff has no constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the Court may in its discretion appoint counsel for indigent inmates. *See* 28 U.S.C.S. § 1915(e)(1) (2018); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

        When deciding whether to appoint counsel, the district court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996); *accord McCarthy*, 753 F.2d at 838-39. Considering the above factors, the Court

concludes here that, at this time, Plaintiff's claims may not be colorable, the issues in this case are not complex, and Plaintiff is not at this time too incapacitated or unable to adequately function in pursuing this matter. Thus, the Court denies for now Plaintiff's motion for appointed counsel.

IT IS HEREBY ORDERED that Plaintiff's motion for appointed counsel is DENIED, (*see* Docket Entry # 36); however, if, after the case develops further, it appears that counsel may be needed or of specific help, the Court will ask an attorney to appear pro bono on Plaintiff's behalf.

IT IS FURTHER ORDERED that Plaintiff's motion for a thirty-day time extension in which to file objections to Defendants' proposed order on their Motion to Dismiss is GRANTED. (*See* Docket Entry # 36.) Objections are now due May 15, 2018.

DATED this 24th day of April, 2018.

BY THE COURT:

Clark Waddoups
United States District Court